## McCormick vs. McCormick.

In an action by a husband against his wife for a divorce from the bond of matrimony on the ground of willful desertion for one year, it appearing from the evidence that the plaintiff had so conducted himself before the defendant left as to show a desire to have her leave, and so as indirectly to bring about that result; and further that she was not unwilling to cohabit with him, but objected only to certain persons whom he was at that time keeping around him, and that when she left him she probably expected to return; and there being no evidence fixing any subsequent time as the time of the alleged abandonment: *Held*, that the circuit court did not err in refusing a divorce.

APPEAL from the Circuit Court for *La Fayette* County.

This appeal was taken by the plaintiff from a judgment refusing to grant him a divorce. The case is stated by the court.

*P. A. Orton, Jr.*, for appellant.

*J. H. Knowlton*, for respondent.

*By the Court*, Downer, J. We have carefully examined and considered the testimony in this action, and have come to the conclusion that it is not sufficient to prove the *willful desertion* of the husband by the wife for the term of one year next preceding the commencement of the action or the filing of the complaint. There is some conflict of testimony, mostly, how-

ever, in relation to details not very material to the issue. She was married November 5, 1860, and immediately went to her husband's house, which was small—only two rooms below, a kitchen and a bed room ten by sixteen feet. Its occupants were the plaintiff and his wife, his mother, his sister and her five children, Jane Shirley, a niece of the plaintiff, about twenty years of age, and her brother. On the 25th of June, 1861, a few weeks before the birth of her child, the defendant left and went to her father's, about four miles distant. The plaintiff's testimony as to her leaving is as follows: "I was not at home when she left. It was on Tuesday. On the Thursday following she came back in company with her mother after her clothes. My wife told me she could live with me and my mother if I would send the balance of the family away. I told her this I could not do. She said then she should leave. I replied, then I could not help it." The evidence proves that when she left she was in ill health, depressed in spirit, perhaps a little jealous, and thought she was not wanted by the plaintiff. It also proves that he was wanting in the attentions and sympathy which, under the circumstances, she ought to have received from him. There are many things in the testimony of the defendant, which, if true, go far to prove that the plaintiff, and members of his family with his consent, intended to vex, annoy, and so treat the defendant that she would leave him, he all the while keeping himself within the protection of the law, so that he could obtain a divorce. These statements are, many of them, contradicted by the plaintiff and other witnesses. Still the evidence, as a whole, leaves the impression upon our minds that he was not sorry to have her go, and that he so conducted himself as indirectly to bring about that result. If so, he ought not to have a divorce.

We see nothing in the testimony that satisfies us that when she left him she did not expect to return. On the contrary, it is probable that when she left she intended, after the birth of her child and the recovery of her health, or, at the farthest,

when the plaintiff's sister with her five children should join her husband, who was then temporarily in California, to return and live happily with the plaintiff. She was willing to cohabit with him, but objected to those he kept around him. There is no evidence tending to fix any other time than that of her leaving him as the time of abandonment, or the time when she determined not to return. The action was commenced on the 18th day of September, 1862, within fifteen months after she left him. We must find from the evidence, therefore, that *at the time she left his house*, she left with the intention of not returning, or the divorce cannot be granted. We are not satisfied that such was her intention. We are inclined to the opinion that her offer to return after the suit was commenced was made in good faith.

The judgment of the court below is affirmed, with costs.